G. Thomas Martin, III, CA Bar No. 218456
**CONSUMER JUSTICE LAW FIRM**
16130 Ventura Boulevard, Suite 300
Encino, California 91436
T: (323) 375-5151
F: (480) 613-7733
E: tmartin@consumerjustice.com

*Attorneys for Plaintiff Samantha Anne Grova*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAMANTHA ANNE GROVA,

       Plaintiff,

     v.

TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; and VW CREDIT, INC.,

       Defendants.

Case No.: 3:26-cv-01735-GPC-DDL

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure and the Court's Notice and Order (Docket No. 23), Plaintiff Samantha Anne Grova ("Plaintiff") and Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and VW Credit, Inc. ("VCI") (together, the "Parties"), hereby submit this Joint Discovery Plan.

## 1. **Rule 26(a) Disclosures.**

The Parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The Parties will serve their respective

1

Fed. R. Civ. P. 26(a)(1) Initial Disclosures on or before **July 1, 2026**, pursuant to the Court's Notice and Order (Docket No. 23).

**2.     Service.**

All Parties to this action have been served. The Parties do not anticipate naming additional Parties, however, they reserve the right to do so on or before **August 21, 2026**.

**3.     Amendment of Pleadings.**

The Parties do not anticipate adding or dismissing any Parties, claims, or defenses, however, should the need arise, the Parties propose to amend their pleadings on or before **August 21, 2026**.

**4.     Discovery.**

**a.     Discovery Subjects.**

**Plaintiff's Statement:** Plaintiff anticipates conducting discovery on the following subjects:

i.     The circumstances surrounding Defendants' collection, verification, and reporting of the information at issue in this case;

ii.     Defendants' maintenance, preparation, and publication of Plaintiff's consumer report(s);

iii.     Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), as applicable;

iv.     Defendants' policies and procedures utilized to assure compliance with their duties to conduct reasonable investigations to determine whether disputed information is inaccurate and record the current status of the disputed information, or delete the disputed information before the end of the 30-day period beginning on the date which they received the notices of dispute,

in compliance with 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16;

v.    Defendants' policies and procedures utilized to assure compliance with their duties under 15 U.S.C. § 1681c-2;

vi.    Defendants' policies and procedures utilized to assure compliance with their duties under Cal. Civ. Code § 1785.25;

vii.    Whether Defendants maintain reasonable procedures with which to filter and verify disputed information in a consumer's credit file;

viii.    Whether Defendants maintained reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file;

ix.    Whether and to what extent Defendants received notice regarding Plaintiff's disputes of the inaccurate information from any subscribers or third parties, and the processes by which Defendants ought to conduct an investigation of the information disputed by a consumer;

x.    The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s); and

xi.    Third party discovery necessary to establish causation and damages.

xii.    Defendants' policies and procedures relating to the investigation of claims of identity theft.

xiii.    Defendant policy and procedures to verify the identity of credit applicants.

Plaintiff does not believe that discovery should be completed in phases or limited to or focused on a particular issue.

**Defendant Trans Union Statement:** Trans Union anticipates serving written discovery on the Plaintiff. Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of account(s) at issue in Plaintiff's Complaint, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

**Defendant Equifax Statement:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRAA"); (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA and the CCCRAA; (7) whether Plaintiff has met the burden of proving a claim against Equifax

for willful noncompliance with the FCRA and the CCCRAA; (8) whether Plaintiff has suffered any damages proximately caused by any action or inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA and the CCCRAA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate her damages; (12) and (12) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**Defendant VCI's Statement:**  VCI anticipates conducting discovery on the following non-exhaustive topics: (1) matters alleged in the Complaint related to Plaintiff's claims and allegations; (2) the lease agreement ("Contract") between Plaintiff and Winn VW Woodland Hills for a 2024 Volkswagen Tiguan (VIN: 3VVRB7AX6RM200737) that was assigned to VW Credit Leasing, Ltd. and VCI opened an account ending in 2017 (the "Account"); (3) the Account, including information related to servicing of the Account; (4) Plaintiff's communications with VCI related to the Contract and Account; (5) Plaintiff's communications with Trans Union and Equifax related to the Contract and Account; (6) any credit reporting disputes raised by Plaintiff related to the Account; and (7) Plaintiff's alleged damages alleged in the Complaint.

5. **Electronically Stored Information.**

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each Party shall conduct diligent searches of all reasonably

accessible sources which it has reason to believe may contain ESI responsive to the opposing Party's discovery requests. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties have agreed to meet and confer before seeking intervention from the Court.

The Parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The Parties do not anticipate any issue regarding ESI. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the Parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties do not anticipate any ESI preservation issues. The parties do not believe that this case is suitable for discovery of electronically stored information in native format, but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

6

Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

The parties agree that pursuant to Rules 5(b)(2)(E) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**6.**     **Privilege Issues.**

The Parties agree that if a receiving Party believes that privileged or protected material may have been inadvertently disclosed or produced, said Party will advise the producing Party and proceed as required if such Party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any Party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an

order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The Parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the Particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the Parties disagree concerning the scope or form of a protective order, the Party or Parties seeking such an order shall file an appropriate motion and supporting memorandum.

Trans Union believes there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for, and scope and form of, such a protective order, Plaintiff and Trans Union will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

**7.   Changes to Limitations on Discovery.**

The Parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

Trans Union proposes that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

**8.   Other Orders.**

The Parties anticipate submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) before the scheduled Early Neutral Evaluation ("ENE") on **July 8, 2026**.

**9.   Related Cases.**

None.

**10.   Scheduling.**

The Parties have discussed and agree upon the following proposed dates governing the scheduling and management of this matter:

a.   Fact Discovery Cutoff: **January 21, 2027**

b.   Initial Expert Reports: **February 22, 2027**

c.   Rebuttal Expert Reports: **March 22, 2027**

d.   Expert Discovery Cutoff: **April 16, 2027**

e.   Dispositive Motions Due: **May 17, 2027**

**11.   Trial.**

Plaintiff seeks a jury trial, and the Parties expect trial to take 5-7 days.

**12.   Professional Conduct.**

Counsel of record have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

**13.    Miscellaneous.**

      **a.    Electronic Service.**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| PARTY | EMAIL SERVICE ADDRESSES |
|---|---|
| Plaintiff Samantha Anne Grova | G. Thomas Martin, III (tmartin@consumerjustice.com)<br><br>Sierra Stewart (sstewart@consumerjustice.com)<br><br>Lila Reyes (lreyes@consumerjustice.com) |
| Defendant Trans Union, LLC | Donald E. Bradley (d.bradley@musickpeeler.com)<br><br>Charlotte A. Long (charlotte.long@transunion.com)<br><br>Leoncio A. Gil, III (leon.gil@qslwm.com)<br><br>Riley Cihak (rcihak@qslwm.com) |
| Defendant Equifax Information Services, LLC | Heliane Fabian (hfabian@seyfarth.com)<br><br>Heather H. Sharp (hsharp@seyfarth.com)<br><br>Dee Davis (abdavis@seyfarth.com) |

| Defendant VW Credit, Inc. | Corey A. Pedersen (cpedersen@scalefirm.com) |
|---|---|
|  | Jamie D. Wells (jamie.wells@scalefirm.com) |
|  | Alexander J. Gershen (agershen@scalefirm.com) |
|  | Nicole Baldocchi (nbaldocchi@scalefirm.com) |

Respectfully submitted this 22nd day of June 2026.

/s/ *G. Thomas Martin, III*
G. Thomas Martin, III, CA #218456
**CONSUMER JUSTICE LAW FIRM**
16130 Ventura Boulevard, Suite 300
Encino, California 91436
T: (323) 375-5151
E: tmartin@consumerjustice.com

*Attorneys for Plaintiff*
*Samanatha Anne Grova*


/s/ *Corey A. Pedersen*
Corey A. Pedersen
Jamie D. Wells
Alexander J. Gershen
**SCALE LLP**
2261 Market Street, STE 85604
San Francisco, California 94114
T: (415) 735-5933
E: cpedersen@scalefirm.com
   jamie.wells@scalefirm.com
   agershen@scalefirm.com

*Counsel for Defendant VW Credit, Inc.*


/s/ *Donald E. Bradley*
Donald E. Bradley
**MUSICK PEELER AND GARRETT**
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626
T: (714) 668-2400
E: d.bradley@musickpeeler.com

Charlotte A. Long
**TRANS UNION, LLC**
555 West Adams Street
Chicago, Illinois 60661
T: (469) 578-1464
E: charlotte.long@transunion.com

*Counsel for Defendant Trans Union, LLC*


/s/ *Heliane Fabian*
Heliane Fabian
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, California 90067
T: (310) 201-1523
E: hfabian@seyfarth.com

*Counsel for Defendant Equifax*
*Information Services, LLC*

11

## ECF MULTIPLE SIGNATURE CERTIFICATION

Pursuant to section 2(f)(4) of the Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Donald E. Bradley, counsel for Defendant Trans Union, LLC, Heliane Fabian, counsel for Defendant Equifax Information Services, LLC, and Corey A. Pedersen, counsel for Defendant VW Credit, Inc., and that I have obtained their authorization to affix their electronic signature to this document.

Dated: June 22, 2026                    **CONSUMER JUSTICE LAW FIRM**

                                        By: */s/ G. Thomas Martin, III*
                                        G. Thomas Martin, III


## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

                                        **CONSUMER JUSTICE LAW FIRM**

                                        By: */s/ Sierra M. Stewart*
                                        Sierra M. Stewart